### WILEY EVANS *v.* THE STATE.

1. EXECUTIVE PARDON. *Effect of.* *Witness.* Persons rendered incompetent as witnesses, by conviction and sentence for the crimes enumerated in sec. 3812 of the Code, are not relieved of such a disability by the pardon of the Governor.

2. Such persons can only be relieved of the disability to testify by a proceeding under the statute, sec. 1994 of Code, *et seq.*

3. That part of a statute which declares persons convicted of certain offenses infamous and incompetent as witnesses, notwithstanding it is a part of the punishment, is also a rule of evidence which remains unchanged by the executive pardon.

Code cited: Sec. 3812.

---

#### FROM MAURY.

---

Appeal from the Criminal Court. W. S. McLeMORE, Judge.

WILKES & BULLOCK for defendant.

ATTORNEY GENERAL HEISKELL for the State.

McFARLAND, J., delivered the opinion of the court.

The prisoner was convicted of an assault with intent to commit murder in the first degree, in the Criminal Court of Maury county, and prosecutes this appeal in error to reverse the judgment.

The error assigned is, that the court permitted Nelson Sheppard to be examined as a witness for the State to prove important facts, although the witness was objected to, and, as it is maintained, shown to

be incompetent. The witness Sheppard had shortly before been convicted of petit larceny in the same court, and the usual judgment of infamy was rendered, adjudging, among other things, the said Sheppard to be incompetent to testify as a witness. This judgment remained unreversed, but the Governor had issued a pardon, pardoning said Sheppard of the offense, except as to the judgment for costs. The question is, does this restore the competency of the witness? Mr. Greenleaf says: "The rule that a pardon restores the competency and completely rehabilitates the party, is limited to cases where the disability is a consequence of the judgment according to the principles of the common law. But where the disability is annexed to the conviction of a crime by the express words of a statute, it is generally argued that the pardon will not in such case restore the competency of the offender, the prerogative of the sovereign being controlled by the authority of the express law. Thus, if a man be adjudged guilty on an indictment for perjury at common law, a pardon will restore his competency; but if the indictment be founded on the statute of 5 Eliz., ch. 9, which declares that no person convicted and attainted of perjury, or subornation of perjury, shall be from henceforth received as a witness in any court, he will not be rendered competent by a pardon." 1 Greenl. Ev., sec. 378. See, also, note 2 to the above section, referring to Mr. Hargrave's judicial arguments, for a full discussion of the question. It is also laid down in the note, that when the disability is declared by the express words of the stat-

·ute, it is not important that it should be made a part of the judgment and entered of record. The distinction seems to be this: that that part of the statute which declares persons convicted of certain offenses infamous and incompetent as witnesses, notwithstanding it is part of the punishment, is also a rule of evidence, and this rule of evidence remains unchanged by the executive pardon. We find no conflict of authority upon this question in the elementary writers (see Wharton's Am. Crim. Law, 357; Starkey on Ev., 771; Russel on Crimes, 974), and we must therefore take it to be a sound distinction.

Sec. 3812 of the Code, in an article treating of the competency of witnesses, enacts that "persons are rendered incompetent by conviction and sentence for the following crimes, unless they have been restored to full citizenship under the law provided for that purpose." Larceny is among the offenses enumerated. The law referred to for restoring such person to citizenship is found in sec. 1994, *et seq.* The Circuit Court is empowered to restore such persons. The mode of the proceeding is pointed out. The time that must elapse before the application can be made is prescribed. A certain class of offenders may proceed in six months, others must wait three years, after conviction, while those pardoned may proceed immediately after pardon.

It is clear, under these statutes, that the witness was made incompetent upon his conviction, and further, that it was the will of the Legislature that he should remain so until restored in the mode pointed out

Evans *v.* The State.

above. The purport of the authority we have referred to is, that this is not interfering with the constitutional power of the Governor to grant pardons. That the Governor may pardon the offense, and this relieves the party of the punishment. Still, the Legislature may, independent of this, upon grounds of policy, decree such persons incompetent witnesses. Although it is in one sense a punishment, it is a question in which others are interested.

This is a question involving some doubt upon principle, but the reasons are not strong enough to authorize us to overrule or disregard what seems to be the general current of authority, at least so far as we have had access to these cases. The judgment, on this ground, must be reversed.

In the case of Willis Webster, presenting the case, a writ of error will be granted.